

**ORDERED in the Southern District of Florida on November 18, 2009.**

_____
John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| ADVANCED BLAST PROTECTION, INC.,[1] | Case No. 09-34185-JKO-BKC |
| Debtor. _____/ | |

**INTERIM ORDER PARTIALLY GRANTING DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BERGER SINGERMAN, P.A. AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND FOR APPROVAL OF PAYMENT OF POST PETITION RETAINER**

THE MATTER having come before the Court on the 13th day of November, 2009 at 9:30 a.m. in Ft. Lauderdale, Florida upon the *Debtor's Application For Approval, on an Interim and Final Basis, of Employment of Berger Singerman, P.A. as Counsel to the Debtors In Possession Nunc Pro Tunc to the Petition Date; and For Approval of Payment of Post Petition Retainer* [D.E. No. 14] (the "Application") and the *Declaration of Leslie Gern Cloyd, on Behalf*

---

[1] The last four digits of the taxpayer identification number for the Debtor are 5275, and the Debtor's address is P.O. Box 268657, Weston, FL 33326.

*of Berger Singerman, P.A., as Proposed Counsel to the Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Cloyd Declaration") attached to the Application as **Exhibit "A."** The Application requests entry of an order, on an interim basis, approving the Debtor's employment of Berger Singerman, P.A. to represent the Debtor as general counsel in this Chapter 11 case, and for approval of payment of post petition retainer.

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtor, the estate, and the creditors. The Cloyd Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016. The Cloyd Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Leslie Gern Cloyd and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014(a), the Court is authorized to grant the relief requested in the Application. Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

**ORDERED** that:

1. The Application is **GRANTED** on an interim basis, as set forth in this Order.

2. The employment by the Debtor, as debtor-in-possession, of Berger Singerman, P.A., as general counsel in this Chapter 11 case is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending a final hearing as set forth below.

3. The employment of Berger Singerman, P.A. by the Debtor shall be effective as of the Petition Date.

4. Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor. Berger Singerman, P.A. will apply for compensation and reimbursement of costs. Berger Singerman, P.A. is holding in escrow the sum of $45,000 representing the proceeds of a DIP loan approved on an interim basis, budgeted for payment of attorneys fees and costs to Berger Singerman, P.A., subject to application and order, and other line item expenses. The request that these funds be considered a retainer is denied without prejudice at this time by agreement, however, Berger Singerman, P.A. may continue to hold these funds in escrow pursuant to the terms of the interim DIP loan approved by separate court order. Berger Singerman may submit monthly fee statements to the United States Trustee, the Debtor, the DIP Lenders, and Counsel for Creditors Committee, if one is appointed or twenty largest creditors, and if there is no objection filed within ten days, Berger Singerman, P.A. may pay 80% of its fees and 100% of its costs from the escrowed funds. Monthly statements shall include the following certification on each monthly invoice: I hereby certify that I am in compliance with the terms of the *Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals*. Fee applications must be filed by Berger Singerman every 120 days in order to continue receiving payment upon monthly invoice. Further, the Debtor must be current in the filing of its Monthly Operating Reports and payment of quarterly fees to the office of the United States Trustee.

5. The Court shall conduct a final hearing (the "Final Hearing") on the Application on November 24th, 2009 at 9:30 a.m., **United States Bankruptcy Court, 299 E. Broward Boulevard, Courtroom 301, Ft. Lauderdale, Florida 33301.** Entry of this Interim Order is

without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

**Submitted by**:
Leslie Gern Cloyd, Esq.
BERGER SINGERMAN, P.A.,
350 East Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872
lcloyd@bergersingerman.com

**Copy furnished to:**
Leslie Gern Cloyd, Esq.
*(Attorney Cloyd is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

2439552-1